UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60183-CIV-GAYLES
MAGISTRATE JUDGE REID

RENEL ANTHENOR

       Petitioner,

v.

MARK S. INCH

       Respondent.
_____/

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

### I.   Introduction

Renel Anthenor, a pre-trial detainee confined at the Broward County Main Jail in Fort Lauderdale, Florida, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, apparently seeking a speedy trial and "a discharge from custody or release on non-monetary conditions of bail." [DE 1 at 2].

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. <u>Analysis</u>

Based upon the limited information provided to the Court in the petition, the Petitioner appears to have requested that his trial counsel demand a speedy trial, but she failed to do so and, instead, has waived his speedy trial rights. *Id.* However, the Petitioner has not yet gone to trial nor has he been convicted of any crime. Rather, he is in custody awaiting trial and currently has a petition for writ of habeas corpus pending in the state courts. At this point, his federal habeas petition pursuant to § 2254 is premature.

> Section 2254 habeas corpus relief challenges the fact or duration of a state criminal conviction: it is a postconviction remedy. *See* 28 U.S.C. § 2254(a) ("[A] court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court ...." ) (emphasis added).

*Id*.

If the Petitioner were challenging the terms of his pre-trial detention his application may be properly brought pursuant to 28 U.S.C. § 2241. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) (noting that pre-trial habeas petitions are governed by § 2241, and that § 2254's provisions do not apply to pretrial detention). However, it is not entirely clear to the undersigned that the Petitioner is actually asserting a challenge to his pre-trial detention as much as he is preemptively asserting that his trial counsel was ineffective for waiving his speedy trial rights. Nonetheless, whatever the substance of his claim here, he has

not fully exhausted any claim relevant for federal habeas purposes. Pretrial § 2241 petitions, like all habeas petitions, are subject to an exhaustion requirement. *Id.; see also Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (noting that all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Therefore, the undersigned finds that Petitioner has failed to satisfy the exhaustion requirement and concludes that the instant petition should be dismissed without prejudice so that Petitioner may first exhaust any available state remedies.

### III. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). See 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). When the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Id.* Upon consideration of the record, this court should deny a certificate of appealability.

## IV. **Conclusion**

Based upon the foregoing it is recommended that:

>  1. the federal habeas petition be DISMISSED as premature and for failure to completely exhaust his administrative remedies;
>
>  2. a certificate of appealability be DENIED; and,
>
>  3. the case CLOSED.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections to the recommendation that no certificate of appealability be issued.

SIGNED at Miami, Florida on this 13th day of May, 2019

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Renel Anthenor
     571800050
     Main Jail
     P.O. Box 9356
     Ft. Lauderdale, FL 33310

     Counsel of Record